IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. ATKINS,<br><br>    Petitioner,<br><br>vs.<br><br>G. P. LEWIS, Warden, Pelican Bay State Prison,<br><br>    Respondent. | No. 2:10-cv-02158-JKS<br><br>MEMORANDUM DECISION |

Richard L. Atkins, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus under 28 U.S.C. § 2254. Atkins is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at Pelican Bay State Prison. Respondent has answered. Atkins has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

Following a jury trial, in August 2005 Atkins was convicted in the San Joaquin Superior Court of second-degree robbery, Cal. Penal Code § 211, with personal use of a firearm, Cal. Penal Code § 12022.53(b), and of possessing a firearm as a convicted felon, Cal. Penal Code § 12021(a)(1), with findings that he wore body armor, Cal. Penal Code § 12022.2(b), and that he had a prior serious felony conviction, Cal. Penal Code §§ 667(a)(1), 667(d), 667.5(b), 969, and 1170.12(b), for shooting at an inhabited dwelling, vehicle, *etc.*, Cal. Penal Code § 246. The trial court sentenced Atkins to an aggregate prison term of twenty-three years. The California Court

of Appeal affirmed Atkin's conviction and sentence in an unpublished decision,[1] and the California Supreme Court denied review on February 16, 2010. Atkins timely filed his Petition for relief in this Court on June 23, 2010.

Because they are unnecessary to a determination of the issues raised in the Petition, the facts underlying Atkins's conviction are not repeated here.

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Atkins raises two grounds:  (1) by asking Atkins about his failure to pass on information to the prosecution earlier, the prosecutor violated his Fifth Amendment right to remain silent; and (2) the prosecutor improperly interjected his personal opinion of Atkins's guilt in his closing summation. Respondent does not assert any affirmative defense.[2]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3]  The Supreme Court has explained that "clearly established Federal law" in

---

[1] *People v. Williams* [*Atkins*], No. C059812, 2010 WL 529421 (Cal. Ct. App. Feb. 16, 2010). Atkins was tried with a co-defendant, Ricky Lynn Williams, and the two filed a joint appeal, each joining in the arguments raised by the other. In this decision, this Court will refer to the Court of Appeal's decision as "*Atkins*."

[2] *See* Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

[3] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

§ 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4] The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[5] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[6] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be "objectively unreasonable," not just "incorrect or erroneous."[7] The Supreme Court has made clear that the objectively unreasonable standard is "a substantially higher threshold" than simply believing that the state-court determination was incorrect.[8] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[9] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial

---

[4] *Williams*, 529 U.S. at 412 (alteration added).

[5] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[8] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

[9] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[10] Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[11]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[12]

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[13] State appellate court decisions that summarily affirm a lower court's opinion without

---

[10] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[11] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[12] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

[13] *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . .").

explanation are presumed to have adopted the reasoning of the lower court.[14] This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[15]

## IV. DISCUSSION

Initially, this Court notes that Atkins's Petition does not adequately comply with the requirement that a petition set forth all the facts that support the grounds raised.[16] Atkins carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief.[17] This Court is neither required, nor is it inclined, to plumb the record for facts to support a petitioner's claims. Consequently, this Court refers solely to the facts as recited by the California Court of Appeal in determining Atkins's entitlement to relief.[18]

---

[14] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[15] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[16] *See* Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 2(c) (2011); *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005).

[17] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

[18] This is consistent with the general rule that review by a habeas court is limited to the record that is before the state court that adjudicated the claims. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011); *see Townsend v. Sain*, 372 U.S. 293, 312-13, 319 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superceded in part by statute*, 28 U.S.C. 2254(e)(2) (1996).

Atkins has also failed to file a Traverse. 28 U.S.C. § 2248 provides:

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

Under § 2248, where there is no denial of the Respondent's allegations in the answer, or the denial is merely formal and unsupported by an evidentiary basis, the court must accept Respondent's allegations.[19] Where a petitioner has not disputed a contention in the response and it does not appear from the record before the court that the contention is erroneous, the court may accept that contention.[20]

Ground 1:  Prosecutor's Questions/Comments on Postarrest Silence

Atkins contends that the prosecutor asked Atkins on cross-examination why he did not pass on information concerning the story he told at trial to the prosecutor earlier. Atkins argues that this violated his Fifth Amendment right to remain silent. The Court of Appeal rejected Atkins's argument.

> *The Prosecutor Did Not Improperly Question Atkins On His Postarrest Silence*
>   Atkins contends the prosecutor improperly questioned him on his postarrest silence.  Not so.  The questioning on which Atkins bases his argument is as follows:
>   "[PROSECUTOR]:  Before today, have you spoken to anyone regarding what was going on on Highway 4 on December 2nd, 2007?
>   "[ATKINS]:  Yes.
>   "[PROSECUTOR]:  Who's that?
>   "[ATKINS]:  My mother, and cousin—two cousins.
>   "[PROSECUTOR]:  When did you tell them?
>   "[ATKINS]:  Basically, what I was charged with, and what they believe that happened, and what did not happen.
>   "[PROSECUTOR]:  Did you tell them to contact me?
>   "[ATKINS]:  My mother and them?

---

[19] *See Carlson v. Landon*, 342 U.S. 524, 530 (1952).

[20] *Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

> "[PROSECUTOR]: Yeah.
> "[ATKINS]: No, sir."

The court overruled a defense objection the prosecutor was improperly questioning Atkins on his postarrest silence.

Later, during closing, the prosecutor argued Atkins told the jury a memorized story he had made up in jail.

It is a violation of due process for the prosecution to use a defendant's silence following *Miranda* warnings to impeach the defendant's subsequent explanation at trial. (*Doyle v. Ohio* (1976) 426 U.S. 610, 619 [49 L.Ed.2d 91, 98] (*Doyle* ). The *Doyle* rule is premised on the recognition that it is fundamentally unfair to "'permit the prosecution during the trial to call attention to [the defendant's] silence at the time of arrest and to insist that because he did not speak about the facts of the case at that time, as he was told he need not do, an unfavorable inference might be drawn as to the truth of his trial testimony . . . .'" (*Doyle,* at p. 619 [49 L.Ed.2d at p. 98].)

Here, the prosecutor's questions and argument did not violate *Doyle.* Atkins has failed to establish that the prosecutor was questioning him about his post *Miranda* silence. Indeed, the prosecutor's questions were aimed at finding out *when* Atkins told his story to anybody. Atkins did not answer the prosecutor's question as to *when* he told his mother and cousins (other than it was before trial), but rather he volunteered *what* he told them, i.e., what he was charged with and what "they" believed happened. Moreover, the questions and answers really went to establishing the irrationality of Atkins telling his mother and cousin the charges against him and *their* failure to contact the prosecutor with information that might have exculpated Atkins. "Although a citizen ordinarily has no legal obligation to offer exculpatory information to law enforcement officials, there are many situations where the natural response of a person would be to come forward in order to avoid a mistaken prosecution of a relative or friend. In that situation a witness's silence may . . . ha[ve] probative value." (*People v. Ratliff* (1987) 189 Cal.App.3d 696, 701.) While the questions in *Ratliff* were directed at defense witnesses and not the defendant himself, the same rationale applies here: the questioning was meant to get at why the mother and cousins failed to come forward with an exculpatory story for Atkins, where there was evidence the mother and cousin were aware of such information. On this record, there was no *Doyle* error.[21]

---

[21] *Atkins*, No. C059812, 2010 WL 529421, at *7 (Cal. Ct. App. Feb. 16, 2010) (footnote omitted).

Once a defendant has been given a *Miranda* warning,[22] his post-arrest silence is insolubly ambiguous, and does not give rise to a permissible inference that a subsequent story has been fabricated or permit impeachment of such story by use of his silence at the time of his arrest or any time thereafter.[23] Thus, a defendant who testifies at trial cannot be cross-examined on the fact that he had failed to provide the authorities with the story he presents at trial at any time prior to trial.[24] When determining whether a *Doyle* violation constitutes harmless error, this Court considers three factors: "[1] the extent of comments made by the witness, [2] whether an inference of guilt from silence was stressed to the jury, and [3] the extent of other evidence suggesting defendant's guilt."[25] It is likewise impermissible for the prosecutor to comment on a defendant's silence.[26] In determining whether a prosecutor's comment on a defendant's silence constitutes a *Griffin* error, this Court applies essentially the same three factors.[27]

The questions directed to Atkins did not relate to Atkins's silence or lack of response to police interrogation. As the Court of Appeal noted, although the question was directed to *when* Atkins had previously related his story to anyone else prior to trial, that question was not

---

[22] *Miranda v Arizona*, 384 U.S. 436 (1966). A *Miranda* warning is a short-hand reference to the requirement that a defendant must be read his rights to remain silent and the assistance of counsel before he is interrogated by the police.

[23] *Doyle v. Ohio*, 426 U.S. 610, 617-19 (1976).

[24] *Id*.

[25] *United States v. Velarde-Gomez*, 269 F.3d 1023, 1034 (9th Cir. 2001) (en banc) (quoting *United States v. Newman*, 943 F.2d 1155, 1158 (9th Cir. 1991)).

[26] *Griffin v. California*, 380 U.S. 609, 613-14 (1965).

[27] *See Hurd v. Terhune*, 619 F.3d 1080, 1090 (9th Cir. 2010) ("In making this determination, the court considers '(1) the extent of [the] comments . . . , (2) whether an inference of guilt from silence was stressed to the jury, and (3) the extent of other evidence suggesting [the] defendant's guilt.'" (quoting *Valarde-Gomez*, 269 F.3d at 1034-35)).

answered. Even if this Court could find a *Doyle* error, it was unquestionably harmless. Both the line of questions and the comments by the prosecutor were for the most part innocuous, certainly fleeting, and there is no indication in the record that the prosecution stressed any inference of guilt from Atkins's "silence." The evidence of Atkins's guilt was the direct testimony of the victims and the investigating officers,[28] not circumstantial. Thus, the evidence does not support any of the relevant factors necessary to a finding of prejudice. Accordingly, based upon the record before it, this Court cannot say that the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[29] Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of Atkins's case within the scope of *Andrade-Williams-Landrigan-Richter*, i.e., the state-court decision was not more than incorrect or erroneous, its application of clearly established federal law was not objectively unreasonable. Atkins is not entitled to relief under his first ground.

Ground 2: Prosecutorial Misconduct

The prosecutor expressed his personal opinion as to Atkins's guilt and stated that neither he nor Atkins's attorney believed the story Atkins told at trial. Atkins argues that this constitutes prejudicial prosecutorial misconduct. In rejecting Atkins's arguments, the Court of Appeal held:

---

[28] *Atkins*, No. C059812, 2010 WL 529421, at *1 (Cal. Ct. App. Feb. 16, 2010).

[29] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

*Personal Opinion Of Guilt, Vouching, And Arguing Facts Not In Evidence*

In his first category of alleged prosecutorial misconduct, [Atkins] argues three instances where the prosecutor offered his personal opinion of guilt, vouched for the strength of the prosecution's case, or argued facts not in evidence.

The first was as follows: "Yesterday, Mr. Atkins testified. Personally, I find all of his testimony a complete lie, falsehood. So I have to address it, though, because, before I go into what actually occurred out there that night, I have to address that, otherwise nothing will make sense. [¶] Remember who Mr. Atkins is." The court overruled defense counsel's objection this was "personal vouching."

"[A] prosecutor [may not] express a personal opinion or belief in a defendant's guilt, where there is substantial danger that jurors will interpret this as being based on information at the prosecutor's command, other than evidence adduced at trial. The danger is acute when the prosecutor offers his opinion and does not explicitly state that it is based solely on inferences from the evidence at trial." (*People v. Bain* (1971) 5 Cal.3d 839, 848.)

Here, while the prosecutor did not explicitly so state, the argument he made after he expressed his personal opinion of guilt was based solely on the trial evidence. The prosecutor argued Atkins' story was based on a version Atkins had memorized over the last seven months he had been in jail. For his story to be believable, jurors would have to accept that Harrell "brings a woman to an arms deal," "hands over two loaded weapons to three individuals" dressed in clothing meant to shield their identities, lost his wallet in their car, yet all the cards were "strewn out like it's been rifled through," and chased down a sheriff's deputy to report he had been robbed when he was the one who was selling guns. While the prosecutor was wrong to express his personal opinion of Williams' guilt, it was not misconduct because he did not infer the opinion was based on evidence outside the record.[30]

With respect to the prosecutor's comment on his and Atkins's counsel's disbelief, the court held:

*The Prosecutor's Argument That Both He And Atkins' Counsel Did Not Believe Atkins' Story Did Not Prejudice Atkins*

Atkins contends comments made by the prosecutor in closing require reversal of the judgment. Specifically, he points to the following two statements by the prosecutor: (1) Atkins' counsel did not believe Atkins' story; and (2) the prosecutor did not believe Atkins' story. We disagree.

As to the first statement, there was no prejudice because the court sustained defense counsel's objection and told the jury the argument was improper. (See *People v. Chatman* (2006) 38 Cal.4th 344, 385 [Where the prosecutor argues that defense counsel does not believe in his client's case, and the court sustains the defendant's objection and admonishes the jury, any prejudice is cured].) Here, the

---

[30] *Atkins*, 2010 WL 529421 at *5.

prosecutor argued in closing as follows: "Who asked Mr. Harrell if he was out there selling guns. I did, on rebuttal. His own attorneys don't even believe the story, otherwise they would have asked him on direct." The court sustained defense counsel's objection and "admonish[ed] the jury that is improper comment during final argument."

As to the prosecutor's personal belief that Atkins was lying, as we have already explained, while the comment was improper, no reasonable inference could be made the opinion was based on evidence outside the record. On this record we reject Atkins's argument of prejudicial error.[31]

A prosecutor may "prosecute with earnestness and vigor—indeed, he should do so."[32] "To warrant habeas relief, prosecutorial misconduct must 'so infect the trial with unfairness as to make the resulting conviction a denial of due process.'"[33]

> In determining whether a comment rendered a trial constitutionally unfair, factors [the court] may consider are whether the comment misstated the evidence, whether the judge admonished the jury to disregard the comment, whether the comment was invited by defense counsel in its summation, whether defense counsel had an adequate opportunity to rebut the comment, the prominence of the comment in the context of the entire trial and the weight of the evidence.[34]

In essence, what is required is that reviewing courts consider the equivalent to evaluating whether there was a "reasonable probability" of a different result.[35]

"Counsel are given latitude in the presentation of their closing arguments, and courts must allow the prosecution to strike hard blows based on the evidence presented and all

---

[31] *Id.* at *7-8.

[32] *Berger v. United States*, 295 U.S. 78, 88 (1935).

[33] *Davis v. Woodford*, 384 F.3d 628, 644 (9th Cir. 2004) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).

[34] *Hein v. Sullivan*, 601 F.3d 897, 912-13 (9th Cir. 2010) (alteration added) (citing *Darden*, 477 U.S. at 182).

[35] *See id.* at 914-15 ("In essence, what *Darden* requires reviewing courts to consider appears to be equivalent to evaluating whether there was a 'reasonable probability' of a different result." (citation omitted)).

reasonable inferences therefrom."[36]  "But, while [the government] may strike hard blows, [it] is not at liberty to strike foul ones."[37]  "[A] court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations."[38]

A prosecutor may not, however, vouch for the credibility of a witness or express his personal opinion as to the guilt of a defendant.  As the Supreme Court has explained:

> The prosecutor's vouching for the credibility of witnesses and expressing his personal opinion concerning the guilt of the accused pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.[39]

A prosecutor's argument that certain witnesses are believable while others are not, to the extent the prosecutor is merely commenting on evidence in the record, does not constitute improper vouching.[40]

This Court agrees with the California Court of Appeal that the prosecutor's expression of his personal belief constituted prosecutorial misconduct.  The prosecutor, however, immediately

---

[36] *Ceja v. Stewart*, 97 F.3d 1246, 1253 (9th Cir. 1996) (quoting *United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1993)).

[37] *Berger*, 295 U.S. at 88 (alterations added).

[38] *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974).

[39] *United States v. Young*, 470 U.S. 1, 18-19 (1985) (citing *Berger v. United States*, 295 U.S. 78, 88-89 (1935)).

[40] *See United States v. Gooch*, 506 F.3d 1156, 1160-61 (9th Cir. 2007) ("These statements, which referred only to evidence in the record that allowed the jury to independently assess the witnesses' credibility, did not constitute vouching." (citing *United States v. Necoechae*, 986 F.2d 1273, 1279-80 (9th Cir. 1993))).

12

detailed his reasons for his disbelief of Atkins's story.  Taken in context, this Court cannot find that the determination by the Court of Appeal that the jury could not reasonably infer that the prosecutor was privy to information that had not been presented to the jury was objectively unreasonable.

As the San Joaquin County Superior Court and the California Court of Appeal noted, the comment that Atkins's attorney did not believe Atkins's story was highly improper.  In this case, however, the trial court sustained an objection and admonished the jury that the prosecution's comment was improper.  This Court must assume in the absence of evidence to the contrary that the jury followed those instructions.[41]

Accordingly, based upon the record before it, this Court cannot find that the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[42]  Specifically, this Court cannot find that the state court's determination that the prosecutor's misconduct did not "so infect the trial with unfairness as to make the resulting conviction a denial of due process,"[43] was objectively

---

[41] *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions." (citing *Richardson v. Marsh,* 481 U.S. 200, 211 (1987)); *see also Marsh*, 481 U.S. at 206 (noting the "almost invariable assumption of the law that jurors follow their instructions" (quoting *Francis v. Franklin*, 471 U.S. 307, 325, n.9 (1985))).

[42] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[43] *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

unreasonable as required by *Andrade-Williams-Landrigan-Richter*. Atkins is not entitled to relief under his second ground.

## V. CONCLUSION AND ORDER

Atkins is not entitled to relief on either ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[44] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[45]

The Clerk of the Court is to enter judgment accordingly.

Dated: December 21, 2011.

                       /s/ James K. Singleton, Jr.
                       JAMES K. SINGLETON, JR.
                       United States District Judge

---

[44] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705-06 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[45] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.